ROBERT F. BARNARD, Administrator *vs.* JONATHAN C. STEVENS.

When parties to an action have mutual claims, among which are promissory notes on either side, or on both, and the court, pursuant to the Rev. Sts. c. 96, § 25, appoints an auditor to hear the parties, &c., and to make report, the auditor has authority to take cognizance of the notes, as vouchers, and allow or disallow them, and to state the result in his report; and his report thereon is *prima facie* evidence, in a trial of the action before a jury.

THIS was an action of assumpsit, on the money counts, brought by the administrator of the estate of Stephen Stevens. The plaintiff filed a bill of particulars, which included and described several promissory notes given by the defendant to the plaintiff's intestate. The defendant filed an account in set-off; and the case was referred to an auditor by consent of the parties, and by order of the court of common pleas, who was directed to hear the parties, to state an account between them, and to make report to said court. The auditor made a report, in which, among other things, he stated that he was of opinion that two of the aforesaid notes, to wit, one dated April 11th 1837, for $220, and one dated October 7th 1838, for $200, and also the sum of $157·75, paid by the plaintiff,

as administrator, on a joint and several note of his intestate and the defendant, to the treasurer of the town of Sheffield, (as per said treasurer's receipt, dated April 21st 1843,) were due to the plaintiff, with interest from the said several dates. At the hearing before the auditor, no objection was made to his passing upon the said notes.

At the trial, after the return of the auditor's report, the defendant, among other exceptions, filed the following : " Because the auditor passed upon said notes, and charged the defendant with the amount thereof." *Wells,* C. J. overruled this objection, and instructed the jury, that the report of the auditor, in relation to said notes, was *prima facie* evidence for the plaintiff, and that, unless it was met and controlled by counteracting evidence, they must find a verdict for the plaintiff. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the judge's instructions.

*Porter,* for the defendant. The authority of an auditor, conferred by Rev. Sts. *c.* 96, § 25, extends only to a hearing of the parties, an examination of their vouchers and evidence, and a statement of their accounts. Notes are not matters of account, and an auditor has nothing to do with them, except, perhaps, in certain cases, to compute interest on them. *Whitwell* v. *Willard,* 1 Met. 216. *Jones* v. *Stevens,* 5 Met. 373 *Allen* v. *Hawks,* 11 Pick. 359.

*Sumner,* for the plaintiff, was stopped by the court.

SHAW, C. J. We cannot perceive that the auditor exceeded his authority. The reference was under the Rev. Sts. *c.* 96, § 25. This authority was, "to hear the parties, examine their vouchers and evidence, and to state the accounts." When there are mutual claims, and, amongst others, a note or notes, on either or both sides, it seems to be within the scope of an auditor's authority, and one of the purposes for which he is appointed, to take cognizance of such items, and of the notes, as vouchers, and allow or disallow them, according to his views of the proofs, and state the result in his report. It is *prima facie* evidence only, and if there is any good defence to the notes, it is fully open on the trial.

*Exceptions overruled.*